MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------`-----X
SEGUNDO SERAFIN AUCACAMA
TAMAY, CARLOS PERALTA, and
EDUARDO TAPIA, *individually and on*
*behalf of others similarly situated,*

                          *Plaintiffs*,

            -against-

CHEZ JACQUELINE REST., INC.(d/b/a
CHEZ JACQUELINE), SYSTEM D
RESTAURANT HOLDINGS INC. (d/b/a
CHEZ JACQUELINE), PAUL GIRALDI,
MADELEINE LANZA GIRALDI, FRANK
GIRALDI,  PHILIP KEMPSITY, IVICA
PERUNOVIC and HEIDI RUTH LEISER ,

                        *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Segundo Serafin Aucacama Tamay, Carlos Peralta, and Eduardo Tapia,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Chez Jacqueline Rest., Inc., (d/b/a Chez Jacqueline) System D Restaurant Holdings Inc.

(d/b/a Chez Jacqueline) ("Defendant Corporations"), Paul Giraldi, Madeleine  Lanza Giraldi,

Frank Giraldi, Philip Kempsity, Ivica Perunovic and Heidi Ruth Leiser   ("Individual

Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action to recover minimum and overtime wages, spread of hours pay and liquidated damages, interest, costs, and attorneys' fees for violations of the FLSA ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations, and for breach of contract.

2.      Plaintiffs are former employees of Defendants Chez Jacqueline Rest., Inc. (d/b/a Chez Jacqueline), System D Restaurant Holdings Inc. (d/b/a Chez Jacqueline), Paul Giraldi, Madeleine  Lanza Giraldi, Frank Giraldi, Philip Kempsity, Ivica Perunovic, and Heidi Ruth Leiser  (collectively, "Defendants").

3.       Defendants owned, operated, or controlled a French restaurant located at 72 Macdougal Street, New York, New York 10012 under the name Chez Jacqueline.

4.      Upon information and belief, individual defendants Paul Giraldi, Madeleine Lanza Giraldi, Frank Giraldi, Philip Kempsity, Ivica Perunovic and Heidi Ruth Leiser serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

5.      Plaintiffs were employed as a cook, waiter/busboy/food runner, and porter.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

9.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6((herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a French restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

14.     Plaintiff Segundo Serafin Aucacama Tamay ("Plaintiff Aucacama" or "Mr. Aucacama") is an adult individual residing in Bronx County, New York. Plaintiff Aucacama was employed by Defendants from approximately September 2001 until on or about February 8, 2017.

15.     Plaintiff Carlos Peralta ("Plaintiff Peralta  or "Mr. Peralta ") is an adult individual residing in Queens County, New York. Plaintiff Peralta was employed by Defendants from approximately 1990 until on or about February 8, 2017.

16.     Plaintiff Eduardo Tapia ("Plaintiff Tapia" or "Mr. Tapia") is an adult individual residing in Queens County, New York. Plaintiff Tapia was employed by Defendants from approximately February 2011 until on or about February 8, 2017.

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a French restaurant located at 72 Macdougal Street, New York, New York 10012 under the name "Chez Jacqueline."

18.      Upon information and belief Chez Jacqueline Rest., Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

19.     Upon information and belief, Defendant Corporation had its principal place of business at 72 Macdougal Street, New York, New York, 10012.

20.     Upon information and belief System D Restaurant Holdings Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Defendant Corporation had its principal place of business at 72 Macdougal Street, New York, New York, 10012.

22.     Defendant Paul Giraldi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paul Giraldi is sued individually in his capacity as owner, officer and/or agent of defendant Corporations.  Defendant Paul Giraldi possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Paul Giraldi determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Madeleine Lanza Giraldi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Madeleine Lanza Giraldi is sued individually in her capacity as owner, officer and/or agent of defendant Corporations.  Defendant Madeleine Lanza Giraldi possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. Defendant Madeleine Lanza Giraldi determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Frank Giraldi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Frank Giraldi is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Frank Giraldi possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Frank Giraldi determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Philip Kempsity is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Philip Kempsity is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Philip Kempsity possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Philip Kempsity determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Ivica Perunovic is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ivica Perunovic is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Ivica Perunovic possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Ivica Perunovic determined the wages and compensation of the

employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Heidi Ruth Leiser is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Heidi Ruth Leiser is sued individually in her capacity as owner, officer and/or agent of defendant Corporations. Defendant Heidi Ruth Leiser possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. Defendant Heidi Ruth Leiser determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

28.     Defendants operated a French restaurant located in the Greenwich Village section of Manhattan in New York City.

29.     Individual Defendants, Paul Giraldi, Madeleine Lanza Giraldi, Frank Giraldi, Philip Kempsity, Ivica Perunovic and Heidi Ruth Leiser, possessed operational control over Defendant Corporations, possessed ownership interests in Defendant Corporations, and controlled significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, acted in the interest of each other with respect to employees, payed employees by the same method, and shared control over employees.

31.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.    Upon information and belief, individual defendants Paul Giraldi,  Madeleine Lanza Giraldi, Frank Giraldi, Philip Kempsity, Ivica Perunovic, and Heidi Ruth Leiser operated Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b.  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporations for their own benefit and maintaining control over them as  closed Corporations,

    f.  intermingling assets and debts of their own with Defendant Corporations,

g.  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests; and,

h.  other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.     In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were employed as a cook, waiter/busboy/food runner, and porter.

39.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Segundo Serafin Aucacama Tamay*

40.      Plaintiff Aucacama was employed by Defendants from approximately September 2001 until on or about February 8, 2017.

41.     Defendants employed Plaintiff Aucacama as a cook.

- 9 -

42.     Plaintiff Aucacama regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Aucacama's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Aucacama regularly worked in excess of 40 hours per week.

45.     From approximately February 2011 until on or about March 2012, Plaintiff Aucacama worked from approximately 2:30 p.m. until on or about 11:00 p.m. Mondays through Thursdays, from approximately 2:30 p.m. until on or about 12:30 a.m. on Fridays and from approximately 11:00 a.m. until on or about 12:00 a.m. on Saturdays (typically 57 hours per week).

46.     From approximately March 2012 until on or about December 2015, Plaintiff Aucacama worked from approximately 12:00 p.m. until on or about 11:30 p.m. Mondays, Thursdays and Fridays, from approximately 2:00 p.m. until on or about 12:30 a.m. Tuesdays and Wednesdays, from approximately 11:00 a.m. until on or about 12:30 a.m. on Saturdays and from approximately 12:00 p.m. until on or about 9:00 p.m. on Sundays (typically 78 hours per week).

47.     From approximately January 2016 until on or about February 8, 2017, Plaintiff Aucacama worked from approximately 2:30 p.m. until on or about 11:00 p.m. Mondays through Thursdays, from approximately 2:30 p.m. until on or about 12:30 a.m. on Fridays and from approximately 11:00 a.m. until on or about 12:00 a.m. on Saturdays (typically 57 hours per week).

48.     Throughout his employment with defendants, Plaintiff Aucacama was paid his wages in cash.

49.     From approximately February 2011 until on or about February 2017, defendants paid Plaintiff Aucacama a fixed salary of $800 per week.

50.     However, defendants failed to pay Plaintiff Aucacama his weekly salary on at least 19 weeks and thus owe him an additional $15,000 in unpaid wages.

51.     Furthermore, Plaintiff Aucacama lent defendants $6,000 on August 24, 2016, and they never paid him back.

52.     Plaintiff Aucacama's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

53.     In fact, from approximately March 2012 until on or about December 2015, defendants required Plaintiff Aucacama to work an additional 30 minutes past his scheduled departure time on Saturdays, and did not compensate him for the additional time they required him to work

54.     Defendants never granted Plaintiff Aucacama a meal break or rest period of any length.

55.     Plaintiff Aucacama was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     Defendants did not provide Plaintiff Aucacama with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     Defendants never gave any notice to Plaintiff Aucacama, in English and in Spanish (Plaintiff Aucacama's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Carlos Peralta*

- 11 -

58.     Plaintiff Peralta was employed by Defendants from approximately 1990 until on or about February 8, 2017.

59.     Defendants employed Plaintiff Peralta as a waiter, busboy, food runner and bartender.

60.     Plaintiff Peralta regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.     Plaintiff Peralta's work duties required neither discretion nor independent judgment.

62.     Throughout his employment with Defendants, Plaintiff Peralta regularly worked in excess of 40 hours per week.

63.     From approximately February 2011 until on or about December 2014, Plaintiff Peralta worked from approximately 4:00 p.m. until on or about 12:30 a.m. Mondays through Thursdays, from approximately 4:30 p.m. until on or about 1:00 a.m. Fridays and Saturdays and from approximately 11:00 a.m. until on or about 10:30 p.m. on Sundays (typically 62.5 hours per week).

64.     From approximately January 2015 until on or about February 2017, Plaintiff Peralta worked from approximately 4:30 p.m. until on or about 12:00 a.m. Wednesdays and Thursdays, from approximately 4:30 p.m. until on or about 1:00 a.m. Fridays and Saturdays and from approximately 11:00 a.m. until on or about 10:30 p.m. on Sundays; in addition, once a month he was required to work from 4:30 p.m. until on or about 12:00 a.m. on both Mondays and Tuesdays and twice a month he had to work from 4:30 p.m. until on or about 12:00 a.m. on either Monday or Tuesday  (typically 43.5 to 58.5 hours per week).

65. From approximately February 2011 until on or about December 2014, defendants paid Plaintiff Peralta $5.00 per hour by check.

66. From approximately January 2015 until on or about February 2017, defendants did not pay Plaintiff Peralta any wages and only paid him a portion of the tips customers wrote in for him.

67. Specifically, defendants failed to pay Plaintiff Peralta approximately $40,000 in tips he earned from his work.

68. Defendants never notified Plaintiff Peralta that his tips were being included as an offset for wages.

69. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Peralta's wages.

70. In addition, defendants withheld a considerable portion of the tips Plaintiff Peralta received from customers; specifically defendants required Plaintiff Peralta to share half of the tips he earned with the manager, Ivica Perunovic.

71. Defendants never granted Plaintiff Peralta a meal break or rest period of any length.

72. Plaintiff Peralta was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

73. Defendants did not provide Plaintiff Peralta with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

74.     Defendants never gave any notice to Plaintiff Peralta, in English and in Spanish (Plaintiff Peralta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.     Defendants required Plaintiff Peralta to purchase "tools of the trade" with his own funds—including 15 black shirts per year during the last two years he worked there.

*Plaintiff Eduardo Tapia*

76.     Plaintiff Tapia was employed by Defendants from approximately February 2003 until on or about February 8, 2017.

77.     Defendants employed Plaintiff Tapia as a porter.

78.     Plaintiff Tapia regularly handled goods in interstate commerce, such as dishwashing liquids and other supplies produced outside the State of New York.

79.     Plaintiff Tapia's work duties required neither discretion nor independent judgment.

80.     Throughout his employment with Defendants, Plaintiff Tapia regularly worked in excess of 40 hours per week.

81.     From approximately February 2011 until on or about February 8, 2017, Plaintiff Tapia worked from approximately 9:00 a.m. until on or about 5:00 p.m. Mondays through Sundays (typically 56 hours per week).

82.     Throughout his employment with defendants, Plaintiff Tapia was paid his wages in cash.

83.     From approximately February 2011 until on or about June 2013, defendants paid Plaintiff Tapia a fixed salary of $450 per week.

84.    From approximately July 2013 until on or about December 2013, defendants paid Plaintiff Tapia a fixed salary of $490 per week.

85.    From approximately January 2014 until on or about December 2015, defendants paid Plaintiff Tapia a fixed salary of $500 per week.

86.    From approximately January 2015 until on or about February 2017, defendants paid Plaintiff Tapia a fixed salary of $550 per week.

87.    However, Defendants did not pay Plaintiff Tapia his weekly salary for at least 18 weeks of work and thus owe him approximately $10,000 in unpaid salary.

88.    Furthermore, Plaintiff Tapia lent defendants $15,000 on August 26, 2016, and they never paid him back.

89.    Defendants never granted Plaintiff Tapia a meal break or rest period of any length.

90.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Tapia regarding overtime and wages under the FLSA and NYLL.

91.    Plaintiff Tapia was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

92.    Defendants did not give any notice to Plaintiff Tapia, in English and in Spanish (Plaintiff Tapia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

93.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40

hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

94.     In fact, defendants failed to pay Plaintiffs any form of pay for a considerable number of weeks they worked and did not pay Plaintiff Peralta the tip portion of his pay for a considerable number of weeks.

94.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

95.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

96.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

97.     At no time did Defendants informed Plaintiff Peralta that they reduced his hourly wage by a tip allowance.

98.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Peralta, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

99.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

100.   Defendants failed to inform Plaintiff Peralta that his tips would be credited towards the payment of the minimum wage.

- 16 -

101.    At no time did Defendants inform Plaintiff Peralta that they had reduced his hourly wage by a tip allowance.

102.    Defendants failed to maintain a record of tips earned by Plaintiff Peralta for the services he provided customers.

103.    Defendants paid Plaintiffs Aucacama and Tapia all their wages in cash.

104.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

105.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

106.    Defendants required Plaintiff Peralta to provide his own tools for the job, and refused to compensate him or reimburse him for these expenses.

107.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

108.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

109.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

110.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

111.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

112.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

- 18 -

113.    At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, had substantially similar job requirements and pay provisions.

114.    At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

115.    At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

116.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

117.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

119.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

120.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

121.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

122.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

123.    Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

124.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

125.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

126.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

127.    Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

128.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

129.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

130.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

131.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

132.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

133.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

134.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

135.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

136.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

137.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

138.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of

the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

139.    Defendants' failure to pay Plaintiffs  an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

140.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

141.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

142.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

143.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

144.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully

- 22 -

herein.

145.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

146.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

147.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

148.    Defendants required Plaintiff Peralta to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as black shirts, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

149.    Plaintiff Peralta was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

150.    Plaintiff Peralta repeats and realleges all paragraphs above as though set forth fully herein.

- 23 -

151.    Defendants unlawfully and without permission from Plaintiff Peralta misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Peralta.

152.    Defendants' action violated NYLL §196-d.

153.    Defendants are liable to Plaintiff Peralta in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

154.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

155.     Plaintiffs Serafin and Tapia lent considerable sums of money to the defendants on or about August 2016.

156.    Defendants entered into written promissory agreements with Plaintiffs at the times they were lent the money regarding the payment of the borrowed sums.

157.    Defendants breached those agreements by failing to pay Plaintiffs any part of the sums of money they borrowed.

158.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs ;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs ;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs ;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

- 26 -

(s)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 27, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
         Michael Faillace [MF-8436]
         MICHAEL FAILLACE & ASSOCIATES, P.C.
         Michael A. Faillace [MF-8436]
         60 East 42nd Street, suite 2540
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 20, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Carlos Peralta

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      20 de febrero de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165
_____

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

February 17, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Eduardo E. Tapia**

                                  Michael Faillace & Associates, P.C._____

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                     _____17 de febrero de 2017_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

——————

Faillace@employmentcompliance.com

February 17, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  <u>Segundo Serafin Aucacama Tamay</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:

Date / Fecha:                   <u>17 de febrero de 2017</u>