UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SEGUNDO SERAFIN AUCACAMA TAMAY, CARLOS
PERALTA, and EDUARDO TAPIA, *individually and on
behalf of others similarly situated*,

**VERIFIED ANSWER**

                                *Plaintiffs*,

Civil Action No.
1:17-CV-1470-(VEC)

   - against -

CHEZ JACQUELINE REST., INC. (d/b/a CHEZ JACQUELINE),
SYSTEM D RESTAURANT HOLDINGS INC. (d/b/a CHEZ
JACQUELINE), FRANK GIRALDI, PHILLIP KEMPISTY and
IVICA PERUNOVIC,
                                *Defendants*.
-----------------------------------------------------------------------X

        Defendant, Ivica Perunovic ("Perunovic" or "Defendant"), by and through its undersigned counsel, Koss & Schonfeld, LLP, as and for his Verified Answer to the Amended Complaint ("Complaint") of Plaintiffs hereby responds as follows:

## JURISTICTION AND PARTIES

        1.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated "1", "2", "3", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "25", "42", "43", "44", "45", "50", "51", "52", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144",

"145", "146", "147", "148", "149", "150", "151, "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "172", "176", "177", "178", "179" and "180" of the Complaint, and refer all questions of law to the Court for determination.

2. Deny each and every allegation contained in the paragraphs designated "4", "24", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", 41", "46", "47", "48", "49", "53", "54", "55", "56", "57", "58", "87", "88", "89", "90", "91", "170", "171", "173", "174" and "175" of the Complaint, and refer all questions of law to the Court for determination.

## FIRST AFFIRMATIVE DEFENSE

3. Plaintiffs have failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

4. This action, in whole or in part, brought by the Plaintiffs' is time barred by virtue of the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

5. Plaintiffs have failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

6. There is documentary evidence that establishes defenses to each of the Plaintiffs' ostensible causes of action.

## FIFTH AFFIRMATIVE DEFENSE

3. Plaintiffs have engaged in conduct that was the sole or contributing cause of the damages claimed in this action.

## SIXTH AFFIRMATIVE DEFENSE

4. Plaintiffs have failed to join all necessary parties.

### SEVENTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred, in whole or part, under the doctrines of unclean hands, improper conduct, acts, and/or omissions as should in equity bar Plaintiffs' maintenance of this action.

### EIGHTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims are barred and precluded by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

7. Plaintiffs lacks standing to bring this action.

### TENTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims against Defendant are untenable as he was merely an employee of the same entity as Plaintiffs and has thus bears no liability for claims alleged against the owner.

### ELEVENTH AFFIRMATIVE DEFENSE

9. Defendant denies that any loss damage, or injury of any kind or character, of any sum or amount has been suffered by Plaintiff by reason of acts, omissions, carelessness, negligence, or intentional conduct on the part of defendant, or on the part of any of Defendant's agents, servants, employees, or any other person or persons acting or purporting to act on their behalf, or on behalf of any of them.

### TWELFTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims are barred because Plaintiffs have failed to invoke and exhaust administrative remedies required to be invoked and exhausted prior to the commencement of any action for recovery on the grounds asserted.

## THIRTEENTH AFFIRMATIVE DEFENSE

11. If Plaintiffs have been damaged as alleged in his Complaint, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, his, its or their agents, servants or employees over whom Defendant had no control and for whose carelessness, negligence or want of care are not responsible or liable.

## FOURTEENTH AFFIRMATIVE DEFENSE

12. Plaintiffs have failed to name or obtain jurisdiction over all necessary parties.

13. Defendant reserves its right to raise additional defenses after receipt of discovery in this matter.

## AS AND FOR A FIRST COUNTERCLAIM
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

14. Defendant hereby reaffirms each and every allegation set forth in paragraphs "1" through "13" of this response, and incorporates each into Counterclaim One by reference, with each of those allegations to have the same force and effect as if each were here restated in full

15. Defendant now bring this counterclaim on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6((herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16. From approximately February 2008 until on or about February 2017, Plaintiffs did not pay Defendant any wages and only paid him a portion of the tips customers wrote in for him.

17. Specifically, Plaintiff Peralta, who was charged with collecting tips, failed to pay Defendant approximately $85,000 in tips he earned from his work.

18. Plaintiffs never notified Defendant that his tips were being included as an offset for wages.

19. Plaintiffs did not account for these tips in any daily or weekly accounting of Defendant's wages.

20. In addition, Plaintiffs' withheld a considerable portion of the tips Defendant received from customers; specifically, Plaintiffs required Defendant to share half of the tips he earned with Plaintiffs.

21. Plaintiffs unlawfully and without permission from Defendant misappropriated and withheld gratuities paid by customers which should have been retained by Defendant.

22. Defendants' action violated NYLL §196-d.

23. Plaintiffs are liable to Defendant in an amount to be determined at trial.

**AS AND FOR A SECOND COUNTERCLAIM**
**(VIOLATION OF NEW YORK DECEPTIVE SALES PRACTICES ACT,**
**N.Y. GEN. BUS. § 349)**

24. Defendant hereby reaffirms each and every allegation set forth in paragraphs "1" through "23" of this response, and incorporates each into Counterclaim Two by reference, with each of those allegations to have the same force and effect as if each were here restated in full.

25. Upon information and belief, Plaintiffs knew that it did not intend to abide by the agreement to provide Defendant with the cash tips he was owed.

26. By proceeding with this arrangement under false pretenses, Plaintiffs acted deceptively.

27. By failing to inform Defendant that Plaintiffs did not intend to render the promised cash tips to Defendant, Plaintiffs acted deceptively.

28. Defendant relied upon the misrepresentations and omissions of Plaintiffs in proceeding under the purported arrangement.

29. Defendant was injured by Plaintiffs' deceptive practices because he entered into the arrangement believing that the terms would be abided by.

30. Defendant was injured by Plaintiffs' deceptive practices because he went along with tip allocation under the assumption that the arrangement would be honored by Plaintiffs.

31. As a direct and proximate cause of Plaintiffs' violation of N.Y. Gen. Bus. § 349, Defendant continued to suffer immediate damages and loss in the form of lost business profits and opportunity and other incidental and consequential damages in an amount to be determined at trial.

32. Because of the egregious, deliberate, and outrageous conduct of Plaintiffs as described herein, punitive damages should be imposed against Plaintiffs in such an amount to be determined at trial, as a properly instructed jury may determine to be adequate in order to appropriately punish Plaintiffs for their egregious and outrageous conduct and to deter Plaintiffs and others similarly situated from engaging in such egregious and outrageous conduct in the future.

**WHEREFORE**, Defendant Ivica Perunovic prays for judgment dismissing the Plaintiff's Complaint herein; together with the costs and disbursements of this action, for judgment on his

First and Second counterclaims and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      April 2, 2018

                                          Jacob Schindelheim, Esq.
                                          **Koss & Schonfeld, LLP**
                                          *Attorneys for Defendant Ivica Perunovic*
                                          90 John Street, Suite 408
                                          New York, NY 10038
                                          Direct Dial: (212) 857-4480

TO:

Colin Mulholland, Esq.
**Michael Faillace & Associates, P.C.**
60 East 42nd Street, Suite 4510
New York, NY 10165
(tel) 212-317-1200
(fax) 212-317-1620
cmulholland@faillacelaw.com

Phil Kempisty
**Kempisty & Company, CPAs P.C.**
15 Maiden Lane
New York, NY 10038
Tel: (212) 227-3300
Fax: (212)513-1930
pkempisty@kempistycpas.com