UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEGUNDO SERAFIN AUCACAMA TAMAY, CARLOS
PERALTA, and EDUARDO TAPIA, *individually and on
behalf of others similarly situated*,

                              *Plaintiffs*,                    1:17-CV-1470-(VEC)

        - against -

CHEZ JACQUELINE REST., INC. (d/b/a CHEZ JACQUELINE),
SYSTEM D RESTAURANT HOLDINGS INC. (d/b/a CHEZ
JACQUELINE), FRANK GIRALDI, PHILLIP KEMPISTY
and IVICA PERUNOVIC,

                              *Defendants*.
------------------------------------------------------------------------X

## IVICA PERUNOVIC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

KOSS & SCHONFLD, LLP
*Attorneys for Defendant*
IVICA PERUNOVIC
90 John Street, Suite 503
New York, New York 10038
Tel: (212) 857-4480

## PRELIMINARY STATEMENT

Defendant Ivica Perunovic ("Perunovic") by and through his undersigned attorneys Koss & Schonfeld, LLP, respectfully submits this memorandum of law in opposition to Plaintiffs' motion to pursuant to Fed. R. Civ. P. 12(b)(6) seeking an order dismissing the Counterclaims contained in Perunovic's Answer dated April 5, 2018 on the ground that Perunovic fails to allege facts sufficient to plead cognizable counterclaims upon which relief can be granted. See Answer, a copy of which is attached as <u>Exhibit A</u> to the accompanying Declaration of Jacob J. Schindelheim, Esq. ("Schindelheim Decl.), dated June 6, 2018.

While Plaintiffs have banded together to point the finger at anyone they can possibly attempt conjure up allegations against in Frank Giraldi's absence, it is astonishing that they can be so taken by surprise by Perunovic responding in kind. Surely, if Plaintiffs can lodge allegations at someone else supported by nothing more than their own self-serving word, they cannot be perplexed when an improperly named defendant responds with similar allegations against them.

In their Motion, Plaintiffs incorrectly submit that Perunovic's counterclaims against Plaintiffs under the FLSA and NYLL must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Perunovic has failed to state counterclaims against Plaintiffs as they may be individually liable under the FLSA and NYLL.

For the reasons set forth below, Perunovic has indeed stated specific and cognizable counterclaims and met the low standard for defeating a motion to dismiss as Plaintiffs' are alleged to be liable for the wage and hour violations suffered by Perunovic.

Accordingly, Perunovic respectfully submits this memorandum of law in opposition to the Motion and requests that this Court deny the Plaintiffs' Motion in its entirety.

## STATEMENT OF FACTS

The following facts are taken from the factual allegations set forth in the Answer, which are treated as true on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In his Answer, Perunovic has brought a counterclaim for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6((herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

The following facts are taken from the factual allegations set forth in Perunovic's Answer, which are treated as true on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

From approximately February 2008 until on or about February 2017, Plaintiffs did not pay Perunovic any wages and only paid him a portion of the tips customers wrote in for him. (See Perunovic's Answer at ¶ 16). Plaintiff Peralta, who was charged with collecting tips, failed to pay Perunovic approximately $85,000 in tips he earned from his work. (*Id*. ¶ 17). Plaintiffs never notified Perunovic that his tips were being included as an offset for wages. (*Id*. ¶ 18). Plaintiffs did not account for these tips in any daily or weekly accounting of Perunovic's wages (*Id*. ¶ 19). In addition, Plaintiffs' withheld a considerable portion of the tips Perunovic received from customers; specifically, Plaintiffs required Perunovic to share half of the tips he earned with Plaintiffs (*Id*. ¶ 20). Plaintiffs unlawfully and without permission from Perunovic misappropriated and withheld gratuities paid by customers which should have been retained by Perunovic (*Id*. ¶ 20).

However, the support for Perunovic's counterclaims does not end with allegations made in his pleadings, though it is submitted that his pleadings alone are sufficient to defeat Plaintiffs' motion (see Argument Point I below).

During the time period in which Perunovic worked at Chez Jacqueline restaurant, Plaintiff Carlos Peralta was the one who collected the tips eighty percent of the time, while Perunovic would only collect tips five percent of the time (see Exhibit B at ¶ 12:14-23). Eighty-five percent of the time Perunovic received credit card tips from Plaintiff Peralta and would noticeably receive substantially less than the other fifteen percent of the time when he received tips from someone other than Peralta (*Id*. ¶ 10:10-18). Peralta was working at restaurant for eighteen years before Perunovic and had a set schedule that was unchanged during the time Perunovic worked there and Perunovic never gave Peralta orders about how to do his job (*Id*. ¶ 24-25). When it came to credit card tips, Plaintiff Peralta to provide instructions to Frank Giraldi as to how much should go to each waiter at the end of the night (*Id*. ¶ 26:18-25). While Peralta would instruct Giraldi as to how to divide the tips, Perunovic had no input in the tip allocation (*Id*. ¶ 27:2-6). Perunovic never set schedule for Peralta or any other front of the house staff (*Id*. ¶ 27:17-20). At times, Plaintiff Peralta acted as a manager of the restaurant (*Id*. ¶ 37:5-9). Finally, Perunovic confirmed that Plaintiff Peralta was his employer as much as he was Peralta's employer (*Id*. ¶ 64:10-14).

## PROCEDURAL HISTORY

On September 1, 2017, Plaintiffs filed an Amended Complaint further to this Court's instruction for Plaintiffs' to do so following the filing of their initial Complaint. Defendant Perunovic filed a motion to dismiss the Amended Complaint on or about October 11, 2017. Subsequently, the Court denied Perunovic's motion to dismiss. Perunovic then filed his Answer on or about April 5, 2018, raising the counterclaims at issue. The notion that the interposition of

counterclaims asserted on behalf of Perunovic against Plaintiffs is a "desperate pair of counterclaims attempt…" is preposterous. Perunovic's Answer is the very first opportunity he has had to raise the counterclaims which are every bit as legitimate as the frivolous claims Plaintiffs have baselessly asserted against him in this action which has dragged Perunovic out of frustration stemming from Plaintiffs' inability to pursue the actual defendant in this case, Frank Giraldi.

## ARGUMENT

### PERUNOVIC'S ANSWER CONTAINING COUNTERCLAIMS CONTAINS WELL-PLED FACTUAL ALLEGATIONS THAT ALLOW REASONABLE INFERENCES THAT PLAINTIFFS HAVE ACTED UNLAWFULLY.

### A.  *Standard of Review*

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court is "constrained to accept as true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2005). Indeed, "[t]he standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff." *Nicholas v. Mahoney*, 608 F. Supp. 2d 526, 529 (S.D.N.Y. 2009).

To survive a motion to dismiss, the complaint "does not need detailed factual allegations . . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but merely "enough facts to state a claim to relief that is plausible on its face . . ." *id.* at 570. "Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).

### B.  *Perunovic Has Sufficiently Plead Facts That Support the Finding that Plaintiff Peralta is Individually Liable under the FLSA and NYLL*

"To be liable under the FLSA and NYLL, a person must be an 'employer.'" *Bravo v. Established Burger One LLC,* No. 12 cv 9044 (CM), 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013). "Employer" is somewhat elliptically defined in the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and in the NYLL as "any individual . . . acting as employer," N.Y.L.L. § 651(5). To determine whether an individual is an "employer" under both statutes, courts in this circuit consider the "economic reality" of the employer-employee relationship. *Bravo,* 2013 WL 5549495, at *6. Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) **determined the rate and method of payment**, and (4) maintained employment records." *Id. See Serrano v. I. Hardware Distributors, Inc.*, No. 14-cv-2488 (PAC) Dist. Court, SD New York 2016 (emphasis added).

Ownership is not a necessary element of individual liability under the FLSA or NYLL. Perunovic has alleged more than sufficient facts regarding Plaintiffs' - and especially with regard to Plaintiff Peralta's - participation in the conduct that resulted in wage and hour violations within Chez Jacqueline. Perunovic has not only made specific allegations in his Answer but has sworn to these occurrences in his deposition taken under oath, that it was Plaintiff Peralta who would provide instructions to Frank Giraldi as to how much should go to each waiter at the end of the night (*see* Exhibit B at 26:18-25) and that Peralta alone would instruct Giraldi as to how to divide the tips (*Id*. at 27:2-6). It is clear that Perunovic can establish, though he need not at this point, that Plaintiffs did have the ability to withhold tips from him as alleged. In light of the forgoing, it is submitted that sufficient facts have been not along alleged but sworn to which, if believed by a trier of fact, would support a finding of individual liability under the FLSA and NYLL.

In his moving papers, Plaintiffs' counsel contends that Perunovic "does not even allege that any of the Plaintiffs were his employer…" (Plaintiffs' Memo of Law at p. 3). However, that is precisely the contention of Perunovic as he confirmed in his sworn testimony. When asked if he considered Plaintiff Peralta to be his employer, Perunovic responded in the affirmative. Perunovic confirmed that Plaintiff Peralta was his employer as much as he was Peralta's employer (*see* Exbibit B at ¶ 64:10-14). Therefore, Perunovic has certainly advanced his claim that Plaintiff at least one of the Plaintiffs in this action was his employer for the purposes of the statutes which impose liability upon which Plaintiffs are relying on in this action.

Plaintiffs' counsel goes as far as to contend that the character of Perunovic's work is unknown (Plaintiffs' Memo of Law at p. 4). Not only is that statement disingenuous but is completely undermines his entire theory of the underlying case. If Perunovic's work is undefined, how can Plaintiffs then carry their burden of establishing that he is an employer for the purposes of the FLSA and NYLL? Plaintiff's counsel is making the mistake of requiring Perunovic to provide "proof" in opposition to a motion to dismiss, a standard he well knows does not apply. It is submitted that Plaintiffs should not be permitted to have it both ways. If Plaintiffs claims lie as against Perunovic, his counterclaims should be permitted to proceed as against Plaintiffs.

Furthermore, while Plaintiff's counsel attempts to muddy the waters by throwing in the fact that Perunovic was listed on the liquor license for the Defendant Chez Jacqueline, that fact has absolutely no bearing on the issue of Perunovic's counterclaims and should be accorded no weight in determining the instant motion. Plaintiffs fail to demonstrate its relevancy in any way.

### C.  The Prior Denial of Perunovic's Motion to Dismiss Requires the Denial of the Instant Motion

In opposition to Perunovic's motion to dismiss, Plaintiffs' argued that the motion essentially amounted to a   to a summary judgment motion wherein the Defendant asks this Court

to make a credibility determination prior to the joinder of issue based upon the allegations in the Complaint weighed against his sworn affidavit. At least Perunovic submitted a sworn affidavit

Plaintiffs' claims as against Perunovic were permitted to survive a motion to dismiss based upon allegations alone, even in the face of a sworn affidavit from Perunovic attesting to falsity of every allegation under the FLSA and NYLL. In the instant motion to dismiss Perunovic's counterclaims, Plaintiffs do even so much as submit an affidavit attesting to facts by any of the Plaintiffs themselves. Plaintiffs motion is solely based upon the aggressive statements of their counsel and his claims of bad faith and distaste that counterclaims have been asserted. Under the applicable law as cited above, that is simply inadequate to dismiss validly plead counterclaims.

 To the extent that counsel views any unsubstantiated allegations as a basis to dismiss Perunovic's counterclaims, he is mistaken, as the analysis of the sufficiency of the pleading requires only an examination of the allegations asserted in the "four corners" of the pleading at issue. *Id.*; *Amaro v. Gani Realty Corp.*, 60 A.D.3d 491 (1st Dept. 2009) *citing Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275 (1977).

### D.  The Assertion of Counterclaims Asserted by Perunovic do not Constitute Bad Faith Any More Than the Direct Claims Against Perunovic Constitute Bad Faith Themselves

While counsel for Plaintiffs' has resorted to aggressive attacks in an attempt to nullify Perunovic's right to assert counterclaims, nothing contained in his moving papers warrants the dismissal of those counterclaims.

Unsurprisingly, Plaintiffs' counsel has chosen to focus his attention on the counterclaim under the NY General Business Law since he feels that is easier to attack. However, as articulated in Perunovic's Answer (see Exhibit A), those allegations are again based upon the wrongful and

deceptive practices which resulted in the Plaintiffs, specifically Peralta, misappropriating gratuities which were the rightful property of Perunovic.

Simply put, Perunovic has pled that he relied upon the misrepresentations and omissions of Plaintiffs in proceeding under the purported arrangement that they would provide him with his fair portion of the gratuities, which they had not. The vast majority, consisting of eighty-five percent of the time, it was Plaintiff Peralta who collected and distributed the tips and Perunovic received credit card tips from Plaintiff Peralta and would noticeably receive substantially less than the other fifteen percent of the time when he received tips from someone other than Peralta (see Exhibit B at ¶ 10:10-18). When it came to credit card tips, Plaintiff Peralta to provide instructions to Frank Giraldi as to how much should go to each waiter at the end of the night (*Id*. ¶ 26:18-25). While Peralta would instruct Giraldi as to how to divide the tips, Perunovic had no input in the tip allocation (*Id*. ¶ 27:2-6). It reasonably follows that Perunovic was injured by Plaintiffs' deceptive practices because he entered into the arrangement believing that the terms would be abided by to his detriment. As plead in his Answer, Perunovic was injured by Plaintiffs' deceptive practices because he went along with tip allocation under the assumption that the arrangement would be honored by Plaintiffs. Therefore, the elements of the NY General Business Law statutes cited by Perunovic have been met despite Plaintiff's counsel's best attempt to couch the claim as one that "strains the bounds of creative lawyering…" (Plaintiffs' Memo of Law at p. 5).

The requirement that harm be done to the general public does not render Perunovic's claim as untenable. The misappropriation of rightful earned gratuities by Perunovic does harm the general public insofar as the wait staff industry is harmed by the Plaintiffs' deceitful behavior.

In another irrelevant attempt to minimize Perunovic's claims, Plaintiffs' counsel states that if the second counterclaim is permitted to move forward than "all employer disputes might be

8

construed as a kind of deceptive trade practice where employees and employers are simultaneously interacting as venders-consumers." (Plaintiffs' Memo of Law at p. 6).  Perhaps that is true but it would require an examination of the legislative intent of the applicable NY General Obligations Law Statute which is wholly inapplicable for a motion to dismiss.

It is respectfully submitted that this counterclaims is valid given the factual scenario of this action and demonstrates no more bad faith than the entire direct claims which have been alleged against Perunovic.

The fact that Plaintiffs' counsel sees these counterclaims as "usual" or prefers to be on the offensive as opposed to defending claims is of no moment. Mr. Perunovic has every right to pursue his allegations again Plaintiffs, just as they have been given the opportunity to pursue their frivolous allegations against him.

## **CONCLUSION**

The Court should deny the Plaintiffs' motion to dismiss Defendant Perunovic's counterclaims since his allegations state claim inasmuch as the Amended Complaint states which. The Court previously denied Defendant Perunvic's motion to dismiss the Amended Complaint, so too the Court should deny Plaintiff's motion to dismiss his counterclaims. For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion.


Dated: New York, New York
        June 7, 2018


                                            /s/ Jacob J. Schindelheim
                                            Jacob J. Schindelheim, Esq.
                                            **KOSS & SCHONFELD, LLP**
                                            *Attorneys for Defendant*
                                            IVICA PERUNOVIC
                                            90 John Street, Suite 503
                                            New York, NY 10038

Tel: (212) 857-4480