# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020                                                 Telephone: (212) 317-1200
New York, New York 10165                                                  Facsimile: (212) 317-1620
————

sclark@faillacelaw.com

April 12, 2019

BY ECF
Honorable Valerie E. Caproni
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    Serafin Aucacama, et al. v. Chez Jaqueline Rest. Inc. d/b/a Chez Jacqueline, et al.;
17 CV 1470 (VEC)

Your Honor,

This firm represents the Plaintiffs in the above-referenced matter. Plaintiffs write to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

Plaintiffs have agreed to settle all of their claims as to Individual Defendants Philip Kempsity and Ivica Perunovic in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Certified as a minority-owned business in the State of New York*

April 29, 2019
Page 2

## I.    Statement of the Case

Plaintiffs were employees of Defendant Chez Jacqueline Rest. Inc. (dba Chez Jaqueline). Plaintiffs alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Specifically, Plaintiffs allegedly were employed as a cook, waiter/busboy/food runner, and porter. Plaintiffs alleged a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Defendants Ivica Perunovic and Philip Kempisty wholly deny any allegation that either or both of them ever were an employer of each and all of the Plaintiffs under the FLSA and/or NYLL in connection with Chez Jacqueline or otherwise, and therefore wholly deny any liability whatsoever to Plaintiffs in the Litigation and/or for any other reason.  As such, Defendants Ivica Perunovic and Philip Kempisty wholly deny that either or both of them owe any damages to any of the Plaintiffs. Plaintiffs' estimate of their damages if they were fully successful on all of their arguments at trial, excluding attorney's fees and costs, is attached hereto as Exhibit B.

## II.    The Proposed Settlement is Fair and Reasonable

Under the settlement, Individual Defendants Philip Kempsity and Ivica Perunovic will pay $2,500.00 to settle all claims.  Of this amount, $833.33 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiffs. Plaintiffs fees and costs to date are contained within Plaintiff's Counsel's standard billing sheet, attached hereto as Exhibit B.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that they were sharply contested factual and legal disputes that went to the heart of Plaintiffs claims. Significantly, Defendants vigorously contested the Defendants' status as employers and Plaintiff' hours worked, and maintained that employment records in discovery suggested that Plaintiff would receive little to no recovery. These fact disputes carried serious risks that Plaintiff may recover no unpaid wages at all at trial. The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement.  *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate

April 29, 2019
Page 3

indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.    Plaintiff' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $833.33 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreements.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiff' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

> b. Colin Mulholland was an associate with Michael Faillace & Associates since May of 2017.  He practiced law since February of 2013.  At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years.  He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits.  He

April 29, 2019
Page 4

billed at a rate of $375 per hour. Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures