**MEMO ENDORSED**

The parties' settlement agreement is APPROVED.  The Court finds that the agreement is fair and reasonable.  This case is DISMISSED.  The Clerk of Court is respectfully directed to terminate all open motions and to CLOSE the case.

SO ORDERED.

*Valerie Caproni*   7/1/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
Case No. 17-cv-1470

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SEGUNDO SERAFIN AUCACAMA TAMAY, CARLOS PERALTA, AND, EDUARDO TAPIA *individually and on behalf of others similarly situated,*

        *Plaintiffs,*

      -against-

CHEZ JACQUELINE REST., INC. (D/B/A CHEZ JACQUELINE), SYSTEM D RESTAURANT HOLDINGS INC. (D/B/A CHEZ JACQUELINE), FRANK GIRALDI, PHILIP KEMPSITY, AND, IVICA PERUNOVIC,

        *Defendants.*

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE OF CLAIMS**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Segundo Serafin Aucacama Tamay, Carlos Peralta, and, Eduardo Tapia ("Plaintiffs") on the one hand, and Philip Kempsity and Ivica Perunovic (collectively, "Individual Defendants")[1], on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees in their alleged employment with Chez Jacqueline Rest., Inc. d/b/a Chez Jacqueline, its principals, officers, parents, subsidiaries, affiliate, agents and representatives (collectively, "Chez Jacqueline"); and

WHEREAS, Plaintiffs filed a complaint against several defendants in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-1470 (VEC) ( the "Litigation"), alleging, among other things, certain violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), and the New York Labor Law ("NYLL");

WHEREAS, the Individual Defendants each expressly deny that either was or is an "employer" under the FLSA, NYLL and/or any other law related to Plaintiffs' claims, and also expressly deny any and all allegations made or which could have been made in the Litigation and/or that they violated any law, statute, contract, rule, policy or duty owed Plaintiffs or engaged in any conduct that was wrong or improper and contend that they have complied with all state, local and federal laws, rules and regulations and any other obligations, including FLSA and NYLL, as it or they relate to Plaintiffs or any similarly situated or other individual associated with Chez Jacqueline;

WHEREAS, as a result of counsel discussions it appears there exists a bona fide dispute between the parties regarding liability for hours worked for which compensation is alleged to be due;

---

[1] The parties note that named Defendant Frank Giraldi is not a party to this settlement agreement.  Plaintiffs represent that they intend to seek a default judgment as to this Defendant.

WHEREAS, the parties hereto desire to avoid the cost and expense of further legal proceedings and to settle and resolve the Litigation and all existing and potential disputes, actions, lawsuits, complaints, charges and claims of any nature or description Plaintiffs currently have, had or currently could have against the Individual Defendants without any admission of liability of any nature or wrongdoing whatsoever on the part of either of the Individual Defendants or related persons and/or entities, and without any party being a prevailing party for any purposes in the Litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Discontinuance of Action.</u> Subject to the Court's approval of this Agreement and any attendant settlement documents to be filed with the Court, within five (5) business days of delivery and clearing of payment to Plaintiff's counsel, Plaintiffs shall withdraw with prejudice the Litigation and hereby direct their counsel to withdraw the Litigation with prejudice and execute and file a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A, and to execute and/or file any and all attendant documentation to withdraw the Litigation with prejudice.

2. <u>Settlement Payments to Plaintiffs; Taxes.</u>

2.1 Subject to the terms and considerations of this Agreement, in consideration of their general release, the withdrawal of this Litigation with prejudice, other promises made by Plaintiffs herein, and in full settlement of all claims by Plaintiffs against the Individual Defendants, Philip Kempsity shall pay or cause to be paid to Plaintiffs and their counsel, the gross sum of Two Thousand Five Hundred Dollars and No Cents (**$2,500.00**) (the "Settlement Payments"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, along with any documentation attendant to settlement of the Litigation, with payments to be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165, as follows.

(a) a one-time lump sum payment of Nine Hundred Dollars and No Cents ($900.00) made payable to plaintiff "Segundo Serafin Aucacama Tamay" for which Kempsity shall issue an IRS Form 1099 to this plaintiff Tamay as required by law; and

(b) a one-time lump sum payment  Four Hundred Thirty-Three Dollars and Thirty-Three Cents ($433.33) made payable to plaintiff "Carlos Peralta", for which Kempsity shall issue an IRS Form 1099 to this plaintiff Penalta as required by law; and

(c) a one-time lump sum payment of Three Hundred Thirty-Three Dollars and Thirty Four Cents ($333.34) made payable to plaintiff "Eduardo Tapia", for which Kempsity shall issue an IRS Form 1099 to this plaintiff Tapia as required by law; and

(d) a one-time lump sum payment of Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($833.33) made payable to "Michael Faillace & Associates, P.C.", as attorney for Plaintiffs, for which Kempsity shall issue an IRS Form 1099 as required by law.

2.2 Prior to delivery of the Settlement Payments, Plaintiffs, through their attorneys, Michael Faillace & Associates, P.C., shall deliver to Kempsity's attorney (via email to rsilverberg@aspllclaw.com), one (1) completed IRS Forms W-9 (Rev. December 2014) executed by Michael Faillace & Associates, P.C., and three (3) completed IRS W-9 Forms, one executed by each of Plaintiffs Segundo Serafin Aucacama Tamay, Carlos Peralta, and Eduardo together with each and every Plaintiffs' execution of this Agreement or as this Agreement may

be modified and so-ordered by the Court. Plaintiffs acknowledge and understand that under no circumstances will the Settlement Payments be made, in whole or in part, until the executed Form W-9s and Agreement have been delivered to Kempisty's counsel.

2.3     Kempisty will issue IRS Form 1099s (and/or other applicable federal, state or local equivalent forms as required by law) for the payments identified in above ¶¶ 2.1(a)-(d).

2.4     Plaintiffs each covenant and agree that he is solely responsible for all tax obligations, including but not limited to ¶¶ 2.1(a) -(d), and each agrees that he will report and pay whatever taxes may be due by, if any, or as a result of Kempisty's payment of their attorneys' fees. Plaintiffs each hereby agree to indemnify, defend and hold harmless Kempisty against any claims or liability of any nature whatsoever relating thereto, including, without limitation, all taxes, interest and penalties to the Internal Revenue Service and/or any other taxing authority or other governmental agency (whether federal, state or local), that may be made connection with such claim, and any attorneys' fees, costs, disbursements, interest and the like incurred solely in defense of such claim.

2.5     Plaintiffs affirm that the Settlement Payments satisfy the total amount due from the Individual Defendants, in full and final settlement of any and all economic and/or non-economic claims which Plaintiffs currently have, had or currently could have had arising out of or in connection with their claims as stated in the Litigation and/or their association Chez Jacqueline and relating in any way to the manner, method, amount, calculation, or timing of payment of any wage, tip, or other compensation owed or claimed to be owed to Plaintiffs on account of or in connection with the Litigation and/or their association with Chez Jacqueline including full and final settlement of any and all attorneys' fees, costs or expenses Plaintiffs currently have, had or currently could have against the Individual Defendants. Plaintiffs hereby further affirm that they are not owed or otherwise entitled to any other form of compensation, payment or benefits from either or both of the Individual Defendant of any kind or nature whatsoever, including, without limitation, for salary, tips, severance pay, fringe benefits, vacation pay, bonuses, incentive compensation, sick pay, insurance, disability insurance, medical benefits, paid or unpaid leave, or any other allowance.

3.     <u>Release by Plaintiffs.</u>

3.1     In and for the payment and other consideration provided in this Agreement, each Plaintiff, and any and all of his heirs, executors, successors, administrators, representatives, agents and assigns (collectively, "Plaintiffs Releasees"), do hereby now and forever release, acquit and discharge the Individual Defendants and any and all of their respective past, present and future agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers, directors, employees, predecessors and successors and heirs, executors and assigns ("Individual Defendant Released Parties"), from any wage and hour claims including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, interest, and/or statutory penalties) purportedly owed to Plaintiffs solely under the FLSA, NYLL, recordkeeping requirements under the FLSA or NYLL, and the provision of documents to employees under the FLSA or NYLL, which Plaintiffs Releasees have, had, or hereafter can have against the Individual Defendant Released Parties, from the beginning of the world through the date of this Agreement.

3.2     Plaintiffs recognize that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to those matters related herein. Nevertheless, it is Plaintiffs' intentions to fully, finally and forever settle and release all matters covered by this Agreement, including those matters of which they are now unaware. In furtherance of such intention, the release given herein shall remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative hereto; provided, however, that the alleged

underlying incident occurred prior to the date of Plaintiffs' execution of this Agreement.

3.3     Plaintiffs represent and affirm to the best of their knowledge that (i) except for the Litigation which they agree to dismiss with prejudice to the Individual Defendants Philip Kempsity and Ivica Perunovic, as of the date of this Agreement, neither each of them nor anyone acting on their behalf has made or filed, commenced, maintained, prosecuted or participated in any action, suit, charge, grievance, complaint or proceeding of any kind against either or both of the Individual Defendants and/or any of the Individual Defendant Released Parties in any federal, state or local court, agency or investigative body, and (ii) that neither Plaintiffs nor any person, organization or entity acting on their behalf in the future will make, commence, file, maintain, prosecute or participate in any complaint, claim of any nature or description or action, directly or indirectly, against the Individual Defendants arising out of or relating in any way to their association with Chez Jacqueline, in any forum, including but not limited to, any court or before any administrative, investigative or arbitral body or agency.  If any Plaintiff brings any kind of legal claim against either of the Individual Defendants and/or Individual Defendant Released Parties that he has given up by signing this Agreement, that Plaintiff will be in violation of this Agreement and, in addition to any legal remedies that the Individual Defendants and/or Individual Defendant Released Parties may have, that Plaintiff must pay all legal fees, and other costs and expenses incurred by any such persons or entities in defending against that Plaintiffs' claim to the fullest extent permitted by law.

4.     Release by Individual Defendants.

4.1     In and for the consideration provided in this Agreement, the Individual Defendants and any and all of their respective past, present and future agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers, directors, employees, predecessors and successors and heirs, executors, family members, and assigns ("Individual Defendant Releasees"), do hereby now and forever release, acquit and discharge Plaintiffs, and any and all of their respective past, present and future agents, representatives, attorneys, affiliates, predecessors and successors and heirs, executors and assigns ("Plaintiffs Released Parties"), from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, sums of money, accounts, reckoning, bond, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities or obligations, whether known or unknown, foreseen or unforeseen, or patent or latent, which the Individual Defendants Releasees have or may have as against the Plaintiffs Released Parties from the beginning of the world through the date of the signing of this Agreement, including but in no way limited to: any claim of breach of fiduciary duty, breach of contract, conversion, destruction of property, claims deriving from the faithless servant doctrine, and/or any claim arising from or related to Plaintiffs' claims in the Litigation.

4.2     The Individual Defendants recognize that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to those matters related herein. Nevertheless, it is the Individual Defendants' intention to fully, finally and forever settle and release all matters covered by this Agreement, including those matters of which they are now unaware.  In furtherance of such intention, the release given herein shall remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative hereto; provided, however, that the alleged underlying incident occurred prior to the date of the Plaintiffs' execution of this Agreement.

5.     Waiver/Non-Waiver.  The parties hereby waive application of any and all statutes, regulations, rules and common laws of any and all governing jurisdictions that might prohibit or

otherwise restrict the provisions of Articles 3 and 4 hereof. This Article 5, however, is not intended, and shall not operate, to release the parties from any of their respective obligations under this Agreement, and all parties hereto may bring an action to enforce this Agreement, including, but not limited to Plaintiffs' indemnification obligations pursuant to ¶ 2.4 of this Agreement and/or as otherwise set forth in this Agreement.

6.    Confidentiality; Non-Disparagement.

6.1    Plaintiffs and the Individual Defendants understand and agree that the facts, terms, conditions of, and circumstances surrounding the settlement of any claims and defenses between the parties and this Agreement, including the consideration offered in connection with it, the terms of this and Agreement and/or the fact of this Agreement, any and all actions by Plaintiffs and the Individual Defendants in accordance therewith, and any allegations asserted by any party that another party engaged in wrongdoing or improper conduct of any kind, constitute Confidential Information, to be held in strictest confidence. The parties warrant and represent that they have not disclosed and will not disclose Confidential Information to anyone other than their attorneys, tax advisors, and immediate family members, and agree that they will take all reasonable actions necessary to ensure that confidentiality is maintained by those individuals and accept responsibility for any breach of confidentiality by those individuals.

6.2    As part of this confidentiality obligation, the parties expressly agree not to issue or cooperate with the issuance of any release, interview or publicity or statement, whether written or oral, of any kind, to any individual, the press or the media which in any way concerns their association with the one another, or separation therefrom, including without limitation, any information, statements, photographs, videos, or other materials whatsoever about Plaintiffs and/or either or both of the Individual Defendants on the internet, any social media, any personal blog, or any other website or application.

6.3    The parties agree that they will not make, send, post, publish, or otherwise communicate, or cause to be communicated, any unfavorable, disparaging, defaming or derogatory comment(s) or statement(s), whether written, oral, electronic, or in any other form, about one another, or to denigrate or belittle one another in any manner that may be harmful to their business, business reputation or personal reputation.

6.4    The parties agree that, if specifically asked about any dispute with one another, they will state only that the "dispute was resolved," and shall not further characterize the dispute, claims or settlement.

7.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. The parties further agree that this Agreement constitutes the compromise of disputed claims, and that no party shall be considered to be the prevailing party for any purpose with respect to the terms set forth in this Agreement and/or the negotiation and execution of this Agreement.

8.    Voluntary Execution; Legal Representation.

8.1    Each party represents that this Agreement is not the result of any fraud, duress, coercion, pressure or undue influence exercised by the other party; that each have read this Agreement prior to signing it and fully understand the facts and he, his or its legal rights and obligations; and that with such knowledge, they clearly understand and assent to all the provisions hereof, believe the Agreement to be fair and equitable and are entering into this Agreement freely and voluntarily.

8.2    The parties acknowledge that this Agreement was negotiated by the

parties, the parties further acknowledge respectively that they each have had the opportunity to be fully, separately, and independently apprised and advised, by counsel of their own choice and selection, as follows: Plaintiffs were represented by Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165; Individual Defendant Ivica Perunovic was represented by Koss & Schonfeld, LLP, 90 John Street, Suite 503, New York, NY 10038; Individual Defendant Philip Kempisty was represented Adler Silverberg PLLC, 111 John Street, Suite 800, New York, NY 10038. Each party acknowledges and represents that he has been or has had the opportunity to be fully informed of his legal rights and obligations with respect to this Agreement and the subject matter hereof and that he has carefully read this Agreement and understands its provisions, including, but not limited to, both the legal and practical effect of this Agreement in each and every respect and the rights and obligations of the parties in each and every respect.

8.3     The parties acknowledge and agree that they shall each bear their respective attorneys' fees, costs and expenses associated with this Agreement.

9.     Voluntary Assent and Additional Representations by Plaintiffs. Each Plaintiff affirms that he has read this Agreement, and fully understands all of its terms, including the full and final release of claims set forth in Article 3 hereof. Each Plaintiff further acknowledges that:

9.1     The only consideration he is receiving for signing this Agreement is as set forth herein.

9.2     Plaintiffs have discussed the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace & Associates, P.C.. Plaintiffs further acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release of Claims has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    Default; Prevailing Party.

10.1     If any party shall default in the performance of any of the provisions of this Agreement and/or shall for any reason whatsoever challenge the provisions or validity of this Agreement, and if another party shall then prevail in legal proceedings to enforce the performance of such provisions by the defaulting party, then the defaulting party shall pay to the other party the necessary and reasonable costs and expenses (including all attorneys' fees) actually incurred and owing or paid by the other party in seeking to cure the default prior to and in connection with such proceedings. For the purposes of this Article, the substantial performance by the defaulting party of the obligation after notification of a default and/or institution of litigation shall be deemed to be the equivalent of the non-defaulting party's having prevailed in a legal proceeding. Failure to prevail shall also include commencing suit and withdrawal of the same prior to disposition.

10.2     The provisions of this Article 10 shall be in addition, and without prejudice to any other rights and remedies to which the aggrieved party may be entitled.

11.    Miscellaneous Provisions.

11.1     Construction of the Agreement. The parties agree that the terms and conditions of this Agreement are the result of lengthy and arms-length negotiations between the parties and that the Agreement shall not be construed in favor of or against any party and instead shall be construed as a whole according to its fair meaning.

11.2    Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and  the Individual Defendants.

11.3    Acknowledgments:    Plaintiffs and the Individual Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11.4    Notices:        Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

*Defendant Philip Kempsity*
Ronnie L. Silverberg, Esq.
**ADLER SILVERBERG PLLC**
111 John Street, Suite 800
New York, NY 10038
Tel: 212-400-4848
Email: rsilverberg@aspllclaw.com

*Defendant Ivica Perunovic*
Jacob J. Schindelheim, Esq.
**Koss & Schonfeld, LLP**
90 John Street, Suite 503
New York, NY 10038
Telephone (212) 857-4480
Facsimile (212) 401-4757
E-mail: jjs@kandsllp.com

11.5    Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11.6    Severability; Enforceability:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a

covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

       11.7   <u>Binding Effect.</u>  This Agreement shall be binding upon and insure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors, parents, affiliates, associates, agents, representatives and assigns.

       11.8   <u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

       **WHEREFORE,** the parties hereto, intending to be legally bound and by their respective signatures below, acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein, and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

<u>PLAINTIFFS:</u>

By: _____     Date: 6 29 - 19
    SEGUNDO SERAFIN AUCACAMA TAMAY

By: _____     Date: 6-R 19
    CARLOS PERALTA

By: _____     Date: 6 10 19
    EDUARDO TAPIA

<u>DEFENDANTS:</u>

By: _____     Date: _____
    IVICA PERUNOVIC

By: _____     Date: _____
    PHILIP KEMPISTY

covenant set forth herein is illegal. void or unenforceable. Plaintiffs agree to promptly execute a release. waiver and/or covenant that is legal and enforceable.

      11.7   Binding Effect. This Agreement shall be binding upon and insure to the benefit of the parties and their respective heirs. trustees. executors. administrators. successors. parents. affiliates. associates. agents. representatives and assigns.

      11.8   Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures. which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts. for all purposes. shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument. binding upon all parties hereto. notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

      **WHEREFORE**, the parties hereto, intending to be legally bound and by their respective signatures below. acknowledge that there exist no other promises, representations or agreements relating to this Agreement except as specifically set forth herein. and that they knowingly and voluntarily enter into this Agreement with a full understanding of its contents.

PLAINTIFFS:

By: _____      Date: _____
    SEGUNDO SERAFIN AUCACAMA TAMAY

By: _____      Date: _____
    CARLOS PERALTA

By: _____      Date: _____
    EDUARDO TAPIA

DEFENDANTS:

By: _____      Date: 6.6.2019
    IVICA PERUNOVIC

By: _____      Date: June 6, 2019
    PHILIP KEMPISTY